

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON ALLEN JAY, PRO SE, | § | |
| TDCJ-CID No. 1222505, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0123 |
| | § | |
| NFN CARTER, CO III, | § | |
| J. MABERY, Counsel Substitute, | § | |
| NFN CORDOVA, Sgt., | § | |
| NFN JOHNSON, Lt., and | § | |
| C. BELL, Warden, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JASON ALLEN JAY, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on February 4, 2006, he was shoved into a wall by defendant CARTER, resulting in injury to plaintiff's eye. Further, plaintiff alleges defendant CORDOVA had plaintiff placed in "lockup" without filing a use of force report on the incident. Plaintiff alleges defendant MABERY was his Counsel Substitute and that he and defendant JOHNSON failed to file a use of force report on the incident. Lastly, plaintiff alleges defendant BELL denied plaintiff access to courts to properly redress the violation of plaintiff's rights.

Plaintiff requests an injunction to prevent reprisals for filing this suit and monetary relief to redress his permanent eye injury and "the complications derived from incident."

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

By his December 1, 2006 response to the Court's Briefing Order Questionnaire, plaintiff stated he had a verbal altercation with defendant CARTER, who then ordered him to face the wall so he could pat search plaintiff[3]. Plaintiff says he continued to argue with the defendant

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] See plaintiff's December 1, 2006 response to question no. 3 of the Court's questionnaire.

who then "put his hands in the middle of [plaintiff's] back and shoved [him] forcefully into the wall." Although plaintiff claims a lasting and visible injury to his eye, when required to state the dates of and what medical treatment he had received, as well as the diagnosis made, plaintiff utterly failed to make any response[4].

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its entirety. Id. 503 U.S. at 7, 112 S.Ct. at 999.

---

[4]Plaintiff's December 1, 2006 response to the Court's Questionnaire at question no. 5. Plaintiff also failed to make any response to inquiry by the Court concerning the dates of submission and the responses by prison officials to his step 2 grievance on the incident underlying his claims.

As plaintiff's pleadings presently stand, the shove described by plaintiff fits into the *McMillian* observation that not every malevolent shove by a prison guard gives rise to a federal cause of action. Plaintiff's allegations show defendant CARTER was trying to restore discipline, despite plaintiff's determination to continue arguing (plaintiff states he continued "talking"). Further, although plaintiff alleges he suffered a lasting injury to his eye, plaintiff has failed to provide any specific facts of the alleged injury nor has he stated he ever needed, requested, or received any treatment of any kind. As set forth previously, plaintiff was notified of this defect in his complaint but has failed to correct by supplementation or amendment. The Court is not required to repeatedly solicit information in order to perform the judicial screening duties imposed by the Prison Litigation Reform Act.

Plaintiff's present complaint does not indicate anything other than *de minimis* injury. *Accord, Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). The Court therefore concludes the force challenged by plaintiff was *de minimis* and falls outside the scope of the scope of the Eighth Amendment prohibition against cruel and unusual punishment.

Further, plaintiff's claim against defendants CORDOVA and JOHNSON for failing to submit a use of force report concerning the incident is based upon a failure to follow a prison regulation; however, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against

4

defendants CORDOVA and JOHNSON lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff says he is suing defendant Warden BELL because BELL is responsible for the actions of his staff, and because he failed to collect evidence for plaintiff. Therefore, plaintiff says, he "cover[ed] for Officer CARTER."

Supervisory government officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged tortfeasor. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983); *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir.1982); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir.1980). Rather, the official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); Lozano, 178 F.2d at 768; *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) *(per curiam)*. Thus, to hold the supervisory official accountable for the acts of his subordinates, section 1983 requires "more than a simple ratification of an impermissible act when the ratification is based on independent legitimate reasons." *Bowen*, 669 F.2d at 988. To prevail, plaintiff must show that such failure, if any, "caused" or was the "moving force" in causing plaintiff's harm. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Vela v. White*, 703 F.2d 147, 153 (5th Cir.1983). Therefore, plaintiff must show that defendant was "personally involved" in the alleged violations, *see e.g., Watson*, 611 F.2d at 123, or "affirmatively adopt[ed] policies which are wrongful or illegal." *See Vela*, 703 F.2d at 153. Plaintiff's allegations against defendant BELL fail to show either personal

5

involvement or that he adopted wrongful or illegal policies which caused the alleged constitutional violation.  Thus, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claims against defendant MABERY, a counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim.  *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant MABERY lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JASON ALLEN JAY be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of December, 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).